STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**CONSTELLIUM ROLLED PRODUCTS,**
**Employer Below, Petitioner**

**vs.)    No. 20-0281** (BOR Appeal No. 2054641)
                    (Claim No. 2019000989)

**DENNY MYERS,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Constellium Rolled Products, by Counsel Alyssa A. Sloan, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Denny Myers, by Counsel Edwin H. Pancake, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on August 7, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 6, 2019, Order. The Order was reversed by the Board of Review on February 25, 2020, and the claim was held compensable for a right knee injury.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Myers, an assistant mill operator, was injured in the course of his employment on June 29, 2018. The following day, he sought treatment at Jackson General Hospital Emergency Department where he reported severe right knee pain after he slipped and twisted it at work the previous day. He denied any prior right knee injuries. X-rays showed moderate degenerative changes and no acute injury. Mr. Myers was diagnosed with right knee internal derangement.

Mr. Myers sought treatment from Brian Brown, M.D., on July 3, 2018, and reported that he was injured while exiting a cart. He planted his foot, and his heel slipped, causing his knee to twist and pop. His knee pain increased over night, and he sought treatment the following day. Mr. Myers denied any prior right knee issues. Dr. Brown diagnosed right knee pain and primary osteoarthritis. An Employees' and Physicians' Report of Injury, completed that day, indicates Mr. Myers injured his right knee while exiting a cart. He planted his foot; his heel slipped; and his knee twisted and popped. Mr. Myers stated that Bradley Henry witnessed the event. Mr. Myers finished his shift with some pain. The pain increased overnight so he sought treatment the following day. The physician's section was completed by Dr. Brown, who diagnosed right knee pain due to an occupational injury and right knee osteoarthritis.

A July 16, 2018, treatment note from Jackson General Hospital Emergency Department indicates Mr. Myers presented for possible deep vein thrombosis with right leg numbness, swelling, and tightness. A right leg ultrasound was negative for deep vein thrombosis. Mr. Myers was diagnosed with right leg pain. A right knee MRI was performed on July 27, 2018, and showed a medial meniscus tear with displacement of a distal fragment and possible tears of the lateral horn and lateral posterior horn route junction. On August 6, 2018, Dr. Brown stated that the right knee MRI showed a complex medial meniscus tear, a possible lateral meniscus tear, and tricompartmental chondral degeneration. He diagnosed right knee primary osteoarthritis, pain, medial meniscus tear, and medial collateral ligament sprain. Surgery was recommended, and Mr. Myers was amenable. The claims administrator rejected the claim on August 7, 2018. Mr. Myers underwent a right knee arthroscopic partial medial meniscectomy and arthroscopic shaving

chondroplasty of the medial femoral condyle, lateral femoral condyle, and patella on September 17, 2018.

Mr. Myers testified in a November 13, 2018, deposition that on the day of his injury, he completed his shift, clocked out, and returned a cart to C-bay. When he stepped out of the cart, his heel slipped, and his right knee popped. Mr. Myers stated that his coworker, Barry Henry, witnessed the incident. Mr. Myers asserted that his heel likely slipped due to grease on the floor. He reported the injury to his foreman the following morning and sought medical treatment. Mr. Myers denied any preexisting right knee injuries, issues, or treatment.

In a July 1, 2019, affidavit, Tom Sloan, Director of EHS Security at Constellium Rolled Products, stated that he reviewed video of the day of Mr. Myers's injury. Mr. Myers was seen hobbling a short distance to reach some equipment. He was then seen driving and exiting a cart. Dr. Sloan stated that Mr. Myers's exit from the cart was partially obstructed on the surveillance video, but it did not appear that any slip or slide incident occurred. After exiting the cart, Mr. Myers limped to a second cart and drove to the parking lot. While walking across the parking lot, his limp was barely discernable.

On September 6, 2019, the Office of Judges affirmed the claims administrator's rejection of the claim. It found that the surveillance video does not show an injury. The Office of Judges found it suspicious that Mr. Myers did not seek the testimony or affidavit of Barry Henry, who witnessed the injury. The Office of Judges found no reason in the record for Mr. Henry's lack of testimony. The Office of Judges also found that Mr. Myers suffered from preexisting osteoarthritis, as seen on MRI. When he performed surgery, Dr. Brown found that Mr. Myers's knee condition was very serious, and he stated that he would have performed a total knee replacement had he known the severity of Mr. Myers's knee condition. The Office of Judges concluded that Mr. Myers's symptoms are likely the result of his preexisting condition.

The Board of Review reversed the Office of Judges' Order and held the claim compensable for a right knee injury on February 25, 2020. The Board of Review noted that Mr. Myers asserted that he injured his right knee when he stepped from a cart, his heel slipped, and his knee popped. The surveillance video does not include an angle showing what happened when Mr. Myers stepped from the cart. Mr. Myers was treated the following day and was diagnosed with an occupational right knee injury. A Report of Injury was completed. A second Report of Injury was completed on July 3, 2018, also indicating Mr. Myers suffered an occupational right knee injury. The Board of Review concluded that the medical opinions of record are reliable. However, it also determined that additional evidence was needed in order to determine the compensable conditions. The Board of Review remanded the case to the claims administrator with instructions to allow Mr. Myers an opportunity to present additional evidence and to issue a protestable order setting forth the compensable conditions in the claim.

After review, we agree with the reasoning and conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted

from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Mr. Myers stated that he injured his right knee in the course of his employment when he stepped from a cart. He sought treatment the following day and has been consistent regarding the mechanism of injury. The surveillance video does not show the injury but does show Mr. Myers noticeably limping after exiting the cart. Mr. Myers has proven by a preponderance of the evidence that he sustained an injury to his right knee. The Board was correct to remand the case for a determination of the compensable condition or conditions.

Affirmed.

**ISSUED: June 23, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4